Jennifer E. Smiley, Illinois ARDC No. 6275940
(jsmiley@cftc.gov)
Carlin R. Metzger, Illinois ARDC No. 6275516
(cmetzger@cftc.gov)
Joseph A. Konizeski, Louisiana Bar No. 25132
(jkonizeski@cftc.gov)
U.S. Commodity Futures Trading Commission
525 W. Monroe Street, Suite 1100
Chicago, IL  60661
Telephone:  (312) 596-0530 (Smiley)
Telephone:  (312) 596-0536 (Metzger)
Telephone:  (312) 596-0546 (Konizeski)
Facsimile:   (312) 596-0714
Attorneys for Plaintiff

JS-6

Kent Kawakami, CA Bar No. 149803
(kent.kawakami@usdoj.gov)
Assistant United States Attorney
United States Attorney's Office
Central District of California – Civil Division
300 North Los Angeles Street Room 7516
Los Angeles, CA  90012
Telephone:  (213) 894-4858
Facsimile:  (213) 894-2380
Local Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | No: SACV 11-00643 JST (FMOx) |
| Plaintiff, | **CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS** |
| v. | |
| 20/20 TRADING COMPANY, INC., et al., | |
| Defendants. | |

1

# I.   INTRODUCTION

On April 26, 2011, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a civil lawsuit in the United States District Court for the Central District of California , Southern Division, Case Number SACV-11-00643 JST (FMOx) (the "Complaint") against 20/20 Trading Company, Inc., 20/20 Precious Metals, Inc., Bharat Adatia, Sharief D. McDowell, and Todd Krejci (collectively, "Defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2006) and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2011).  Specifically, the Complaint alleged the following claims:

   a.  Count I - Violation of 7 U.S.C. § 6(c)b) and 17 C.F.R. § 33.10 Against 20/20 Trading Company, Inc., Bharat Adatia and Sharief D. McDowell;

   b.  Count II – Violation of 17 C.F.R. § 166.3 against 20/20 Trading Company, Inc. and Bharat Adatia;

   c.  Count III – Violation of 7 U.S.C. § 23 and 17 C.F.R. 31.3 against 20/20 Precious Metals, Inc., Bahrat Adatia, Sharief  D. McDowell and Todd Krejci; and

d.  Count IV – Violation of 7 U.S.C. § 23(a)  against 20/20 Precious

Metals, Inc., Bahrat Adatia, Sharief  D. McDowell and Todd Krejci

On July 15, 2011, the Court granted the Defendants' Motion to Dismiss

Counts III and IV of the Commission's Complaint, holding that the Commission

lacked jurisdiction over the conduct implicated in those Counts and dismissing

20/20 Precious Metals, Inc. and Todd Krejci from the Complaint altogether.

Counts I against 20/20 Trading Company, Inc. Inc., Bharat Adatia and Sharief D.

McDowell and Count II against 20/20 Trading Company, Inc. Inc. and Bharat

Adatia remain pending before the Court.  For the remainder of this Consent Order

20/20 Trading Company, Inc. Inc., and Bharat Adatia and Sharief D. McDowell

shall collectively be referred to as the "Settling Defendants".

## II.    CONSENTS AND AGREEMENTS

To effect settlement of this matter without a trial on the merits or any

further judicial proceedings, the Settling Defendants and 20/20 Precious Metals,

Inc:

1.      Consent to entry of this Consent Order of Permanent Injunction, Civil

Monetary Penalty, and Equitable Relief Against Defendants ("Consent Order");

2.      Affirm that they have read and agreed to this Consent Order

voluntarily, and that no promise, other than as specifically contained herein, or

threat has been made by the Commission or any member, officer, agent, or

representative thereof, or by any other person, to induce consent to this Consent Order;

3.     Acknowledge service of the summons and Complaint;

4.     Admit the jurisdiction of this Court over them and the subject matter of Counts I and II of this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1;

5.     Admit the jurisdiction of the Commission over the conduct and transactions at issue in Counts I and II of this action pursuant to the Act, 7 U.S.C. §§ 1 *et seq.*;

6.     Admit that venue properly lies with this Court pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1;

7.     Waive:

a.     The entry of findings of fact and conclusions of law;

b.     any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. § 148.1, *et seq.* (2011), relating to, or arising from, this action, including Counts III and IV previously dismissed from this action;

c.    any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-207 (2007), relating to, or arising from, this action, including Counts III and IV previously dismissed from this action;

d.    any and all claims of Double Jeopardy based upon the institution of this proceeding or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

e.    any and all rights of appeal in this action;

8.    Agree that the Commission shall bear no liability for any costs, fees, or expenses connected to or in any way related to the 20/20 Precious Metals, Inc. receivership that was in place from April 27, 2011 through June 7, 2011 (the "Receivership").  The Settling Defendants and 20/20 Precious Metals, Inc. shall determine amongst themselves their individual liability for any Receivership costs, fees, or expenses and the Settling Defendants and 20/20 Precious Metals, Inc. agree not to seek any contribution or indemnification from the CFTC for any such costs, fees, or expenses;

5

9.	Consent to the continued jurisdiction of this Court over them for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this case, even if the Settling Defendants now or in the future reside outside the jurisdiction;

10.	Agree that they will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objection based thereon;

11.	Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in Counts I and II of the Complaint, or creating, or tending to create, the impression that Counts I and II of the Complaint and/or this Consent Order are without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party.  The Settling Defendants and 20/20 Precious Metals shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this agreement;

12.	By consenting to the entry of this Consent Order, the Settling Defendants neither admit nor deny the allegations of the Complaint, except as to

6

jurisdiction over Counts I and II and venue, which they admit.  Further, Defendants 20/20 Trading, Adatia, and McDowell agree and intend that, until they pay their respective Section IV.1 CMP Obligation, the allegations contained in Counts I and II of the Complaint shall be taken as true and correct and be given preclusive effect, without further proof, as to any of them that have not paid their CMP Obligation, in the course of any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Defendants 20/20 Trading, Adatia, and/or McDowell;

13.   Agree to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 46 of Part VI this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against them, whether inside or outside the United States; and

14.   Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against any of the Settling Defendants and/or 20/20 Precious Metals, Inc. in any other proceeding.

**III.   ORDER FOR PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED THAT:**

15.     Pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1,

Defendants 20/20 Trading Company, Adatia and McDowell are permanently

restrained, enjoined and prohibited from directly or indirectly:

      a.    Engaging in any conduct in violation of Section 4c(b), 7 U.S.C.
6c(b) (2006), and Regulation 33.10, 17 C.F.R. § 33.10 (2011),
including, but not limited to, cheating, defrauding, or
attempting to cheat or defraud, or deceiving or attempting to
deceive any other person in connection with an offer to enter
into, the entry into, the confirmation of the execution of, or the
maintenance of, any commodity option transaction;

      b.    Engaging in any conduct in violation of Regulation 166.3,
17 C.F.R. § 166.3 (2011), including, but not limited to, failing
to diligently supervise the handling of all commodity interest
accounts carried, operated, advised, or introduced by a
registrant and all other activities of its partners, officers,
employees, and agents relating to its business as a Commission
registrant.

### IV.     ORDER OF CIVIL MONETARY PENALTY

**IT IS FURTHER ORDERED THAT:**

16.     Defendants 20/20 Trading Company, Adatia and McDowell shall

each pay a civil monetary penalty ("CMP Obligation"), plus post-judgment

interest within thirty (30) days of the date of the entry of this Consent Order.

Defendant 20/20 Trading shall pay a civil monetary penalty of one-hundred

twenty thousand dollars ($120,000); Defendant Adatia shall pay a civil monetary

penalty of ten thousand dollars ($10,000); and Defendant McDowell shall pay a

civil monetary penalty of ten thousand dollars ($10,000).  Post-judgment interest

shall accrue on each defendant's respective CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2006).

17.     Defendants 20/20 Trading Company, Adatia and McDowell shall pay their respective CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made by other than electronic funds transfer, the payment shall be made payable to the United States Commodity Futures Trading Commission and sent to the address below:

> United States Commodity Futures Trading Commission
> Division of Enforcement
> ATTN:  Accounts Receivable – AMZ 340
> E-mail Box:  9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Boulevard
> Oklahoma City, Oklahoma 73169
> Telephone: (405) 954-5644

If the payment is to be made by electronic funds transfer, Defendants 20/20 Trading Company, Adatia and McDowell shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions.  Defendants shall accompany the payment of the CMP Obligation with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding.  Defendants shall simultaneously

transmit copies of the cover letter and the form of payment to the Chief Financial

Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155

21st Street, N.W., Washington, DC 20581.

18.    Partial Satisfaction:  Any acceptance by the CFTC of partial payment

of any Settling Defendant's CMP Obligation shall not be deemed a waiver of the

Settling Defendants' obligation to make further payments pursuant to this

Consent Order, or a waiver of the CFTC's right to seek to compel payment of any

remaining balance.

## V.    MISCELLANEOUS PROVISIONS

19.    <u>Notices</u>:  All notices required to be given by any provision in this

Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Director of the Division of Enforcement
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street NW
Washington, D.C.  20581

Notice to 20/20 Trading Company, Inc., 20/20 Precious Metals, Inc.
and/or Bharat Adatia:

Michael S. Winsten, Esq.
WINSTEN LAW GROUP

27201 Puerta Real, Suite 465
Mission Viejo. California 92691
Telephone: 949.429.3400
Telecopier:  949.429.3500
e-mail:  mike@winsten.com
(or his then current address of record with the State Bar of California)

and

Harris L. Kay, Esq.
HENDERSON & LYMAN
175 West Jackson Boulevard, Suite 240
Chicago, Illinois 60604
Telephone:  312.986.6960
Telecopier:  312.986.6961
e-mail: hkay@henderson-lyman.com
(or his then current address of record with the State Bar of Illinois)

Notice to Ms. McDowell:

Sharief  D. McDowell
25609 Prospect Avenue
Loma Linda, CA 92354
Telephone: 909.252.6733

With copies to Mr. Winsten and Mr. Kay

All such notices to the Commission shall reference the name and docket number

of this action.

20.   Change of Address/Phone:  Until such time as Defendants 20/20

Trading Company, Adatia and McDowell satisfy in full their respective CMP

Obligation as set forth in this Consent Order, Defendants 20/20 Trading

Company, Adatia and McDowell shall provide written notice to the Commission

by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

21.     Entire Agreements and Amendments:  This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

22.     Invalidation:  If any provision of this Consent Order or the application of any provision or circumstance is held invalid, the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

23.     Waiver:  The failure of any party to this Consent Order at any time or times to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

24.     Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction over this action to ensure compliance with this Consent Order and for

all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Consent Order.

25.   <u>Injunctive and Equitable Relief Provisions</u>:  The injunctive and equitable relief provisions of this Consent Order shall be binding upon the Settling Defendants, their officers, agents, servants, employees, and attorneys, and upon other persons who are in active concert or participation with the Settling Defendants and who receives actual notice of this Consent Order, by personal service, email, facsimile, or otherwise.

26.   <u>Authority</u>:  Bharat Adatia hereby warrants that he is the president and director of both 20/20 Trading and 20/20 Metals, and that this Consent Order has been duly authorized by 20/20 Trading and 20/20 Metals and he has been duly empowered to sign and submit this Consent Order on behalf of 20/20 Trading and 20/20 Metals.

27.   <u>Counterparts and Facsimile Execution</u>:  This agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile, email, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Consent Order that

is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

28.     The Settling Defendants understand that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Consent order.

**IT IS SO ORDERED.**

Date:  July 24, 2012                    .    _____

United States District Judge

CONSENTED AND APPROVED BY:

_____          Date: ___5/18/2012___
Bharat Adatia, President and Director
20/20 Trading Company, Inc.

_____          Date: ___5/18/2012___
Bharat Adatia, President and Director
20/20 Precious Metals, Inc.

_____          Date: ___5/18/2012___
Bharat Adatia, individually

_____          Date: ___5-18-12___
Sharief D. McDowell, individually

14

1

2

3

4                                                              Date: 7/16/12

5   Jennifer E. Smiley, Senior Trial Attorney
    Joseph A. Konizeski, Chief Trial Attorney
6   Counsel for Plaintiff
7   U.S. Commodity Futures Trading Commission
    525 W. Monroe Street, 11th Floor
8   Chicago, IL 60661
9   312-596-0700

10

11  Approved as to form:

12

13

14                                                             Date: 18 May 2012
    Harris L. Kay
15  Attorney for 20/20 Trading Company, Inc.
    and 20/20 Precious Metals, Inc.
16  Henderson & Lyman
17  175 West Jackson Boulevard, Suite 240
    Chicago, Illinois 60604
    312-986-6960
18

19

20                                                             Date: 5/18/2012
    Michael S. Winsten
21  Attorney for 20/20 Trading Company, Inc.
    and 20/20 Precious Metals, Inc.
22  Winsten Law Group
23  27201 Puerta Real, Suite 465
    Mission Viejo, California 92691
24  949-429-3400

25

26

15